**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| HENDRIKUS "HANK" TON | CIVIL ACTION NO. |
| VERSUS | |
| | JUDGE: |
| J SERCOVICH, LLC, JOHN SERCOVICH, and SHIPYARD SERVICE, LLC | |
| | MAGISTRATE: |

## <u>COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Hendrikus "Hank" Edward Ton, an adult resident and citizen of the State of Mississippi and avers as follows:

1. This court has subject matter jurisdiction pursuant to Article III, Section 2 of the United States Constitution and 28 U.S.C. §1333.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and (2).

3. Plaintiff, Hank Ton, designates this case as an admiralty and maritime matter pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and requests a judge trial. Further, plaintiff invokes the Court's equitable jurisdiction.

4. This litigation involves a maritime personal injury accident which occurred aboard M/V MISS WYNTER, Official Number 969771, while she was afloat in Venice, Louisiana on 25 November 2024. Plaintiff Hank Ton was injured as the vessel was undermanned

according to the USCG Certificate of Inspection which was in effect on the date of the accident. The relevant Certificate of Inspection was issued on 1 September 2020.

5. Defendant J Sercovich, LLC is a single-member Louisiana limited liability company owned by John Sercovich. Both are domiciled within this judicial district and are citizens of the State of Louisiana. At all material times, including the date of the accident, ABR Logistics, LLC was the owner and operator of M/V MISS WYNTER.

6. Defendant John Sercovich is domiciled within this judicial district and is a citizen of the State of Louisiana. At all material times, including the date of the accident, John Sercovich was the owner and operator of M/V MISS WYNTER.

7. Defendant Shipyard Service, LLC is a Louisiana limited liability company (owned by two Louisiana citizens, one of which is John Sercovich, who is also a manager of the entity), who was contractually and legally obliged to assist plaintiff and the members of the crew aboard M/V MISS WYNTER in the work which was underway so that the vessel could pass its USCG inspection in November of 2024.

8. In mid-November 2024, Defendants John Sercovich, and J Sercovich, LLC dispatched plaintiff Hank Ton to M/V MISS WYNTER to assist the master and members of the crew of the vessel with necessary repairs and other preparations so that the vessel could pass the upcoming USCG inspection. Mr. Ton inspected the vessel with her master, Sam Hasley, John Lane, the vessel's engineer/deckhand, and Joe Morrel, the other deckhand, to see what repairs were needed for the upcoming USCG inspection. It is noteworthy that on the date of the accident, 25 November 2024, the vessel was undermanned as this was – according

to the USCG Certificate of Inspection – a vessel which required two licensed captains and two other crew members. The vessel was short the second licensed captain. The vessel was further undermanned for the tasks at hand, and in particular the removal of the old fire pump and installation of the very heavy replacement fire pump – in an extremely awkward and unstable position (with the floor removed). This is relevant as the lack of manpower, for the repairs which were underway at the time Mr. Ton was injured, was a direct and proximate cause of Mr. Ton's injuries.

9. During the run-up to the inspection, it became apparent that the fire pump of the vessel was not operating and could not be repaired. This was obviously critical to the upcoming USCG inspection. Consequently, a new fire pump was ordered from local vendor Byrne Rice and Turner, Inc. in New Orleans. The pump was delivered to the vessel and an attempt to install it was undertaken. During the attempt to install the new fire pump, Mr. Ton severely injured his neck and left shoulder.

10. Before he was injured, Mr. Ton reported to the defendants that he and the short-handed crew needed assistance from Shipyard Service, LLC, another of John Sercovich's companies. Shipyard Service, LLC regularly supplied such assistance to vessels in the defendants' fleet. Despite the request for additional assistance for the new fire pump installation, no help was forthcoming. Given the fact that the USCG inspection was to occur the following day, Mr. Ton continued with his efforts to install the fire pump. This is when he was injured. It is noteworthy that the day before Mr. Ton was injured, Shipyard Service, LLC did provide extra workers to M/V MISS WYNTER for the day's work.

3

11. After the injury was sustained by plaintiff, it became apparent that the fire pump could not be installed directly into the vessel (and definitely not with the short crew, and also not having any other help or equipment), a hydraulic hose was ordered and created by the shop at the Venice Hartt Exxon station. Mr. Ton then brought that part to the vessel and the fire pump was eventually installed. M/V MISS WYNTER subsequently passed her inspection with the United States Coast Guard.

12. As Mr. Ton was properly aboard the vessel at the direction of her owners and operators, doing work which benefitted the vessel, her owners and operators, he is entitled to bring general maritime law negligence claims against the defendants in this litigation.

13. The defendants were negligent and otherwise at fault in the following non-exclusive particulars:

   a. Failing to conduct a pre-task safety meeting;

   b. Having an undermanned vessel at the time this work was required;

   c. Failing to have enough manpower available for the task at hand at the time Mr. Ton was injured;

   d. Failing to have appropriate parts and equipment aboard the vessel for the work which was required to prepare it for the USCG inspection;

   e. Failing to respond to requests for assistance in the task which was underway at the time of the injury; and

   f. Operating the vessel in violation of the manning requirements set forth in the 1 September 2020 Certificate of Inspection; and

g.  Other instances of negligence and fault which will be demonstrated at trial.

14. As the vessel was in violation of her Certificate of Inspection at the time of injury, this is both a statutory and regulatory breach such that the *Pennsylvania* Rule applies to place the burden of proof upon defendants to exculpate themselves from the liability which resulted in plaintiff's injuries. *The Pennsylvania*, 86 U.S. 125 (1873). Within the U.S. Fifth Circuit Court of Appeals, the burden imposed upon the defendants is to prove that the violation "could not have been a cause of the [accident]." *Pennzoil Producing Co. v. Offshore Exp., Inc.*, 943 F. 2d 1465, 1472 (5th Cir. 1991).

15. As a consequence of the liability and fault of defendants, plaintiff Hank Ton has sustained severe and debilitating injuries to his cervical spine and left shoulder which have required extensive medical intervention. Plaintiff seeks the following damages from defendants:

a.  Past, present and future medical expenses, including required surgeries;

b.  Past, present and future mental and physical pain and suffering;

c.  Past lost wages, unpaid commissions, and loss of future earning capacity;

d.  Loss of enjoyment of life;

e.  Pre-judgment interest from the date of the accident, 25 November 2024;

f.  All litigation expenses, court costs and expert witness fees available under Title 28 U.S.C. §1920; and

g.  All other general and equitable relief which this Court is empowered to provide within its discretion.

WHEREFORE, Plaintiff Hank Ton prays, that after due proceedings are had, that there be judgment rendered in his favor and against defendants J Sercovich, LLC, John Sercovich, and Shipyard Service, LLC, for all damages available under the general maritime law, and further to the inherent equitable powers of this Court sitting in equity.

Respectfully submitted,

*/s/ Stephen M. Wiles*
**STEPHEN M. WILES (#17865)**
1100 Girod Street, 23E
New Orleans, Louisiana 70113
Telephone: (504) 418-0262
Email:  stephenmwiles@gmail.com

*and*

**IRPINO, AVIN HAWKINS LAW FIRM**

*/s/ J. Benjamin Avin*
**ANTHONY D. IRPINO (#24727)**
**J. BENJAMIN AVIN (#34884), T.A.**
**SAMUEL J. BUA, II (#40146)**
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone:    (504) 525-1500
Fax:              (504) 525-1501
Emails:          bavin@irpinolaw.com
                     sbua@irpinolaw.com

*Attorneys for Plaintiff, Hendrikus "Hank" Ton*

[*SERVICE INSTRUCTIONS ON NEXT PAGE*]

6

**PLEASE SERVE:**

**JOHN SERCOVICH, LLC**
*Through its registered agent for service of process:*
Francis J. Lobrano
147 Keating Drive
Belle Chasse, LA 70037

**JOHN SERCOVICH**
10856 Highway 23
Belle Chasse, LA 70037

**SHIPYARD SERVICE, LLC**
*Through its registered agent for service of process:*
John Sercovich
10856 Highway 23
Belle Chasse, LA 70037